UNITED STATES DISTRICT
COURT WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                                           CRIMINAL ACTION NO. 3:16-CR-134-CRS

DENNIS SCHLIEBENER                                                                       DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of a motion of the defendant, Dennis Schliebener, *pro se*, seeking a reduction of his term of imprisonment due to poor health and fear of serious illness or death from the COVID-19 virus (DN 36). The Court also has before it a May 27, 2020 letter, construed by the Court as a supplemental motion for compassionate release and for appointment of counsel, in which Schliebener states that he tested positive for COVID-19 on May 26, 2020 and seeks an expedited determination of his motion. (DN 40).

The World Health Organization declared the novel coronavirus known as COVID-19 a pandemic on March 11, 2020.[1] The President of the United States declared a national emergency on March 13, 2020 and the Governor of the Commonwealth of Kentucky declared a state of emergency even earlier, after the first confirmed case of COVID-19 on March 6, 2020.[2] As of the

---

[1] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who- director-general-s-openingremarks-at- the-media-briefing-on-covid-19--11-march-2020).

[2] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel- coronavirus-disease-covid-19-outbreak/; Governor Andy Beshear confirms first case of COVID-19 in the Commonwealth and declares a state of emergency (March 6, 2020), *available at* https://chfs.ky.gov/pages/search.aspx?affiliateId=CHFS&terms=declaration of state of emergency.

date of this writing, there are 10,185,374 confirmed cases worldwide and 503,862 deaths; in the United States, there are 2,537,636 confirmed cases and 126,203 deaths.[3] Further elaboration concerning the health risks associated with COVID-19, especially for those individuals confined to nursing homes or incarcerated in our jails and prisons, is unnecessary. Suffice it to say that the Court addresses motions for compassionate release, and Schliebner's motion in particular here, with the gravity of the situation in mind.

Schliebener is serving a 121-month prison sentence after pleading guilty in 2017 to possession of child pornography. This was not his first such conviction. The defendant was held accountable for 1,726 images in the commission of the 2017 offense, increasing the offense level under the sentencing guidelines U.S.S.G. §2G2.2(7)(D). The nature of the videos involved in this crime qualified for additional offense level increases for involvement of prepubescent minors and for material portraying sadistic or masochistic conduct. U.S.S.G. §§ 2G2.2(b)(2); 2G2.2(b)(4). Schliebener is incarcerated at the Federal Medical Center in Lexington, Kentucky and is receiving medical care for a host of medical conditions.

Schliebener filed a *pro se* motion styled "Motion for Reduction/Modification of Sentence, alternatively, Compassionate Release, Pursuant to the First Step Act of 2018 and 18 U.S.C. §3582(c)(1)(A)" (DN 36).

18 U.S.C. § 3582(c)(1)(A) permits a court to modify a term of imprisonment and grant what is known as "compassionate release" for extraordinary and compelling reasons. Prior to December 2018, motions for compassionate release could only be made by the Director of Prisons. However, the First Step Act, PL 115- 391, 132 Stat 5194 (Dec. 21, 2018), amended 18 U.S.C. §

---

[3] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited May 10, 2020).

3582(c)(1)(A) to allow defendants to bring such motions on their own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]"

Schliebener has provided a copy of a letter he sent to Warden Quintina [sic] dated March 25, 2020 requesting compassionate release. He filed his motion with the Court on May 26, 2020, more than thirty days after petitioning the warden but having received no response at that time. He has thus satisfied the exhaustion requirement of the First Step Act. *United States v. Alam*, No. 20-1298, 2020 WL 2845694, *2 (June 2, 2020)("For a prisoner to take his [compassionate release] claim to court, "he must 'fully exhaust[ ] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison.").

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The court must also consider the "[sentencing] factors set forth in section 3553(a) to the extent they are applicable." § 3582(c)(1)(A).

Congress tasked the Sentencing Commission that, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

In the Commentary to U.S.S.G. § 1B1.3,[4] the Commission described four circumstances which constitute extraordinary and compelling reasons for sentence reduction:

**(A) Medical Condition of the Defendant.--**

**(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(ii)** The defendant is--

**(I)** suffering from a serious physical or medical condition,

**(II)** suffering from a serious functional or cognitive impairment, or

**(III)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant.--**The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(C) Family Circumstances.--**

**(i)** The death or incapacitation of the caregiver of the defendant's minor child or minor children.

**(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

---

[4] "While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g., United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019);*United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider."
*United States v. McGraw*, No. 202CR00018LJMCMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019).

Schliebener, 63 years old, described many health challenges and stated his fear that if he contracted the COVID-19 virus he would not survive it. He alleged in his initial motion that "COVID-19 is an 'extraordinary and compelling' virus," and that "it is not a matter if [he] contracts the virus but WHEN…Petitioner is afraid that when that day comes he will succomb [sic] to the virus…" DN 36, pp. 9; 11. This was the sole ground for the assertion of "extraordinary and compelling" circumstances warranting relief. He also appears to assert that his "poor health" alone would qualify him for compassionate release. DN 36, pp. 4; 7-9 (seeking reduction of his sentence to time served).

As it happens, Schliebener fortunately did not succumb to the virus after contracting it in May. The medical records indicate that he remained afebrile and asymptomatic during quarantine, and was released from quarantine after fourteen days. He is continuing to serve his sentence in the Medical Center so that his ongoing medical needs are addressed.

With respect to Schliebener's concern that he faced the potential for infection with the COVID-19 virus in the facility and was more susceptible to adverse outcomes if infected, the point is now moot, as he did contract the virus, was treated for it, and the medical records delineate his exposure as "resolved." Thus, Schliebener has failed to articulate an extraordinary and compelling reason for compassionate release on this basis. A number of other courts have reached a similar conclusion with respect to COVID-19-recovered inmates who sought compassionate release due to fear of exposure and serious illness. *See United States v. Purry*, No. 2:14-cr-00332-JAD-VCF, 2020 WL 2773477 ((D.Nev. May 28, 2020)("And fortunately the notion that keeping Purry incarcerated during this pandemic would 'render his remaining imprisonment term a death sentence' due to his preexisting medical issues has also proven false. Purry's medical records

reflect that he has been entirely asymptomatic since contracting COVID-19."); *United States v. Cabrera*, No. 10-cr-20016-JES-DGB, 2020 WL 2549941 (C.D.Ill. May 19, 2020)("Because Defendant Cabrera remains asymptomatic despite testing positive for COVID-19, the risk of him suffering severe complications from the virus is significantly diminished compared to others in the BOP who have either not contracted the virus or who have either not contracted the virus or who have contracted the virus and exhibited symptoms or complications."); *United States v. Eddings*, No. 2:09-cr-00074-JAM-AC, 2020 WL 2615029 (E.D.Cal. May 22, 2020)("And given that he has had the virus for over 10 days now without complications, the Court cannot find Defendant's situation to be an 'extraordinary or compelling circumstance' that warrants his release."); *United States v. Zahn*, No. 4:18-cr-00150-JD-1, 2020 WL 3035795 (N.D.Cal. June 6, 2020)("the immediate threat to Zahn has passed, fortunately with no serious complications of any kind. That is enough to find that he has not proffered an extraordinary and compelling reason for release under 18 U.S.C. §3582(c)(1)(A)(i).").

To the extent Schliebener contends that his sentence should be reduced to time served because he is in poor health, his motion will be denied. He has not been diagnosed with a terminal illness. Many of the medical conditions he lists, while serious, appeared in the presentence report and were considered by the Bureau of Prisons in designating a federal medical facility for service of his sentence. While he indicates that he has difficulty in doing so, Schliebener states that he is able to get out of bed, ambulate in a wheelchair to and from pill line, meals, and to see to personal hygiene needs. DN 36, p. 9. Thus he has not shown that he meets the criteria for statutory eligibility for compassionate release, as he is not terminally ill (A)(i), he does not have diminished capacity to provide self-care (A)(iii), and his serious medical condition was already considered in

sentencing and designation and/or is actively treated in the federal medical center where he is incarcerated (A)(ii). *See*, U.S.S.G. § 1B1.3(A).

Additionally, even when a defendant is statutorily eligible for a sentence reduction based on extraordinary and compelling reasons, compassionate release is only appropriate after consideration of the factors set forth in 18 U.S.C. §3553(a) and where the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 4142(g).

The United States urges under §3553(a)(1), that the nature and circumstances of Schliebener's crime weigh against release as he poses a very real danger if released from custody. The Court agrees for a number of reasons.

First, Schliebener is a repeat offender who has admitted that he "looked at the pictures on [his] computer and [he] became addicted to the pictures." DN 36-2, p. 2. He indicated that if released, he would "need to live with relatives or in a nursing home." DN 36, p. 12. As noted by the United States, all that is needed is internet access through a computer or smart device for the defendant to reoffend. With the dangers posed by the pandemic in conducting home visits, it would be exceptionally difficult to adequately and safely monitor the defendant's compliance. The ability to monitor the defendant is clearly a proper consideration when assessing the danger posed by release of an individual convicted of such a crime. *See United States v. Miezin*, No. 1:13CR15, 2020 WL 1985042 (N.D.Ohio April 27, 2020). In fact, Warden Quintana rejected Schliebener's request for compassionate release in part because Schliebener failed to provide a valid release plan. DN 42-2. No plan has been presented to the Court either.

Second, the sentencing factors were thoroughly and carefully considered in imposing sentence in this case. The nature and circumstances of the offense, the weight of the evidence, Schliebener's history and characteristics, and the nature and seriousness of the danger to any person or the

7

community that would be posed by Schliebener's release were taken into account in reaching the imposition of a 121-month prison sentence less than half of which has been served. The Court finds no ground to justify any reduction in Schliebener's sentence, and Schliebener has articulated none.

Finally, there is no entitlement to appointment of counsel post-trial, and the circumstances do not warrant it. Appointment of counsel will therefore be denied.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motions of the defendant, Dennis Schliebener, for compassionate release (DNs 36;40) are **DENIED.** His request for appointment of counsel is also **DENIED.**

**IT IS SO ORDERED.**

July 7, 2020

                    **Charles R. Simpson III, Senior Judge**
                    **United States District Court**

cc:      Counsel of Record
          Dennis Schliebener
          06599-033 MCU
          Federal Medical Center Lexington
          P.O. Box 14500
          Lexington, KY 40512-4500